

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE M. SNELLING,

    *Plaintiff,*

v.

CASE NO.:
8:25cv-2444-WFJ-CPT

COCA COLA BEVERAGES FLORIDA, LLC,

    *Defendant.*

_____/

**Complaint and Demand for Jury Trial**

### I. INTRODUCTION

1. Plaintiff Nicole Snelling brings this action against Defendant Coca-Cola Beverages Florida, LLC ("CCBF") for unlawful retaliation and discrimination under Title VII of the Civil Rights Act of 1964, violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), including COBRA continuation coverage requirements, and violations of the Florida Whistleblower Act ("FWA").

2.  Plaintiff engaged in protected activity by raising concerns about discrimination, double standards, and legal/compliance failures within CCBF's operations. Shortly thereafter, Plaintiff was terminated.

3.  Following her termination, Defendant and its counsel failed to provide Plaintiff with a compliant COBRA election notice, causing her loss of health coverage and direct medical harm. 4. Despite formal notice to The Coca-Cola Company's General Counsel, Defendant took no corrective action.

## II.   JURISDICTION AND VENUE

4.  This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title VII and ERISA. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim under the Florida Whistleblower Act.

5.  Venue is proper in this District under 28 U.S.C. § 1391 because the unlawful employment practices and benefit violations occurred in Hillsborough County, Florida, within the Tampa Division of the Middle District of Florida, where Plaintiff worked and resided.

6.  On April 10, 2025, Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment

 Opportunity Commission ("EEOC"), alleging race discrimination, retaliation, and violations of the ADEA, and received a Notice of Right to Sue ("NRTS") on July 31, 2025 (*Exhibit A*). Plaintiff has therefore exhausted administrative remedies and this Court has jurisdiction under Title VII, the ADEA, and applicable federal law.

2

### III.  PARTIES

### Plaintiff Nicole Snelling

7. Plaintiff Nicole Snelling is a resident of the State of Florida. At all times relevant, Plaintiff was employed by CCBF in Florida and engaged in protected activity under applicable state and federal laws.

### Defendant Coca-Cola Beverages Florida, LLC

8. Defendant Coca Cola Beverages Florida, LLC is a Florida limited liability company authorized to do business in Florida with its principal place of business located in Tampa, Florida. Coke Florida is an independent bottling franchise of The Coca Cola Company. Coke Florida is an employer within the meaning of Title VII, the ADEA, the Florida Whistleblower Act, and ERISA.

### IV.  FACTUAL ALLEGATIONS

9. On September 4, 2024, Plaintiff was hired as the Talent Acquisition Program Manager on the Human Resources team.

10. On March 6, 2025, Plaintiff was verbally informed of her termination from her role. On March 7, she formally rejected Defendant's severance offer. On March 20, 2025, Plaintiff's employment officially ended.

11. On March 20, 2025, the same day her termination became effective, Plaintiff emailed David Cross, then SVP of Human Resources & Administration, documenting discrimination, double standards, and compliance failures. This

written communication constitutes protected activity under Title VII and the Florida Whistleblower Act.

12. Within days of Plaintiff's termination, Defendant and its related entities made corporate filings, including Registered Agent changes.

13. On April 10, 2025, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). On July 31, 2025, the EEOC issued a Notice of Right to Sue less than four months after the filing, without requesting a position statement from Defendant (Exhibit A).

14. On April 23, and April 26, 2025, Plaintiff emailed written complaints to CEO Troy D. Taylor, documenting retaliation and discrimination.

15. On June 10, 2025, The Coca-Cola Company's General Counsel, Monica Howard Douglas, received an overnight, signature-required letter from Plaintiff with 50 exhibits, including photos of daily prescription medications. Despite this notice of retaliation, ERISA harm, and medical consequences, no corrective action was taken.

16. On July 3, 2025, Defendant's outside counsel, Miller & Martin PLLC, sent Plaintiff a defective COBRA packet via email that did not meet the requirements of ERISA and COBRA. Plaintiff immediately rejected the notice in writing on July 3 and July 5.

17. As a result of losing compliant coverage, Plaintiff experiences ongoing harm, including an emergency room visit and prescription needs documented by medical records.

18. Coca-Cola Beverages Florida was previously a defendant in *Conklin v. Coca-Cola Beverages Florida, LLC*, Case No. 8:19cv02137 (M.D. Fla., Tampa Division), which alleged ERISA violations and COBRA compliance failures.

## V. CAUSES OF ACTION

### Count I – Retaliation in Violation of Title VII of the Civil Rights Act of 1964

### (42 U.S.C. § 2000e et seq.)

19. Plaintiff engaged in protected activity as described above, including internal complaints and written communications to CCBF leadership.

20. Plaintiff suffered adverse employment actions, including termination and the provision of defective post-termination benefits information.

21. There is a causal connection between Plaintiff's protected activity and the adverse actions.

22. Defendants' conduct constitutes retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

### Count II – Retaliation in Violation of the Age Discrimination in Employment Act

### (29 U.S.C. § 621 et seq.)

23. Plaintiff engaged in protected activity under the Age Discrimination in Employment Act ("ADEA"), as set forth in her EEOC charge.

24. Plaintiff was terminated shortly after engaging in this protected activity.

5

25. There is a causal connection between Plaintiff's protected activity and the adverse actions.

26. Defendants' conduct constitutes retaliation in violation of the ADEA, 29 U.S.C. § 623(d).

## Count III – Retaliation in Violation of the Florida Whistleblower Act

## (Fla. Stat. § 448.102)

27. Plaintiff engaged in protected activity, as described above, by objecting to and reporting conduct she reasonably believed to be unlawful.

28. Plaintiff was terminated in close temporal proximity to this protected activity.

29. Defendants' conduct constitutes retaliation in violation of Fla. Stat. § 448.102.

## Count IV – COBRA/Benefits Violations

## (ERISA 29 U.S.C. §§ 1161–1166, 1132, 510)

30. Defendant was required under ERISA to provide Plaintiff with a timely and compliant COBRA election notice.

31. On July 3, 2025, Plaintiff received a COBRA packet that failed to comply with statutory requirements.

32. Plaintiff immediately rejected the defective notice in writing and subsequently incurred out-of-pocket medical expenses, including prescription costs and an emergency room visit.

33. Defendant's conduct constitutes violations of ERISA, 29 U.S.C. §§ 1161–1166, and interference with Plaintiff's rights under ERISA § 510.

## Count V – Breach of Fiduciary Duty

## (ERISA 29 U.S.C. §§ 1104, 1109, 1132)

34. Defendant was a fiduciary with discretionary authority over the administration of Plaintiff's benefit plans, including COBRA continuation coverage and a Health Savings Account (HSA).

35. Defendant breached its fiduciary duties by failing to ensure timely and compliant COBRA notices and by failing to properly administer and transition Plaintiff's HSA benefits.

36. As a direct result of Defendant's breach, Plaintiff was denied timely access to HSA funds and incurred additional medical expenses.

37. Defendant's conduct constitutes a breach of fiduciary duty in violation of ERISA §§ 1104 and 1109, entitling Plaintiff to equitable relief, restitution, and statutory remedies under § 1132.

### VI.   RESERVATION OF RIGHTS

38. Plaintiff expressly reserves the right to amend this Complaint to add additional parties, including affiliated corporate entities and individuals, if discovery or further investigation reveals their involvement in the unlawful actions described herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court enters judgment in her favor and against Defendant, and grants the following relief:

1. Back Pay and Benefits - Award Plaintiff lost wages, benefits, and remuneration from the date of her termination (March 20, 2025) to the date of judgment.

2. Front Pay - Award future lost wages and benefits in lieu of reinstatement.

3. Compensatory Damages - Award damages for emotional distress, humiliation, medical harm, and loss of dignity.

4. Statutory Damages - Award all damages available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Employee Retirement Income Security Act of 1974 (ERISA), including COBRA statutory penalties; and the Florida Whistleblower Act.

5. Punitive Damages - Award punitive damages as permitted by law, to punish and deter Defendant's unlawful conduct.

6. Attorney's Fees and Costs - Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k), ERISA, and applicable Florida law.

7. Monetary Relief - Plaintiff seeks damages in the amount of $15,000,000 (fifteen million dollars) or such other amount as the evidence at trial may warrant.

Respectfully submitted this __11th__ day of September, 2025.

*Nicole M. Snelling*

Nicole M. Snelling
Plaintiff, *Pro Se*
11434 Amapola Bloom Court
Riverview, FL 33579
(813) 748-4202
snellingn@yahoo.com