UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


NICOLE M. SNELLING,

      Plaintiff,

v.                                                    Case No:   8:25-cv-02444-JLB-LSG


COCA COLA BEVERAGES
FLORIDA, LLC,

      Defendant.

_____/

## **ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 40), recommending that Defendant's Motion to Compel Arbitration (Doc. 22) be **GRANTED**.  Plaintiff objected (Doc. 43), and Defendant filed a response (Doc. 45).

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

Here, after an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted in part.

Defendant moved to compel arbitration based on Plaintiff's agreement to participate in Defendant's P3 Connections Program when she began working for Defendant.  (*See* Docs, 22, 22-1 at 2).  The P3 Connections Program is "the exclusive

method through which Work-Related Issues will be resolved, with binding Arbitration being the final forum for any Work-Related Issue that is a Legal Dispute[,]" subject to a few exceptions that do not apply here.  (Doc. 22-1 at 6).  The Magistrate Judge recommended granting Defendant's Motion based on the P3 Connections Program.  (Doc. 40).  Plaintiff articulates four objections to the Magistrate Judge's Report and Recommendation (Doc. 43), but none of those objections change the ultimate result.

First, Plaintiff's argument that arbitration is premature because mediation has not yet occurred is unavailing because, as Defendant notes in its response (Doc. 45 at 5–6), the P3 Connection Program countenances mediation, (*see* Doc. 22-1 at 13) (defining "Mediation"). The parties need not mediate this case in federal court.

Second, the Magistrate Judge correctly concluded that the P3 Connection Program delegates decision-making regarding the arbitration's scope to the arbitrator.  The P3 Connection Program defines "Legal Dispute" to include "any disagreement between an Employee and Coke Florida regarding the interpretation or scope of this Program."  (Doc. 22-1 at 13).  Accordingly, because the Program makes arbitration the final forum to determine "any Work-Related Issue that is a Legal Dispute" (*id.* at 6), the plain text of the agreement delegates to the arbitrator the decision on the scope of arbitration.

Third, the Magistrate Judge was correct to conclude that Plaintiff's ERISA claims did not bar the Court from compelling arbitration of Plaintiff's other claims. However, the Court disagrees with the Magistrate Judge's conclusion that

Plaintiff's ERISA claims are subject to arbitration. The P3 Connection Program exempts "an Employee's claim for . . . any benefits under a plan governed by the Employee Retirement Income Security Act of 1974" from its definition of "Work-Related Issue." (*Id.* at 14). And, because a claim must concern a Work-Related Issue to be an arbitrable Legal Dispute (Doc. 22-1 at 6), this scope determination has not been delegated to the arbitrator. Here, Plaintiff's two ERISA counts allege (1) that Defendant failed to properly provide Plaintiff with a timely and compliant COBRA election notice and (2) that Defendant breached its fiduciary duty by failing to ensure that Plaintiff received such COBRA notices and failed to administer and transition Plaintiff's "HSA benefits." (Doc. 1 at ¶¶ 30–37). These counts both concern benefits under a plan governed by ERISA because, through Defendant's alleged breaches, Plaintiff was deprived of COBRA benefits and compelled to pay her medical bills out of pocket. (*See id.* at ¶ 17). Accordingly, those two claims are not subject to arbitration under the plain language of the P3 Connections Program.

Nevertheless, the Court still grants Defendant's Motion to Compel Arbitration (Doc. 22) because the P3 Connections Program provides that if a party asserts several claims and "only some of the claims asserted are expressly excluded from arbitration by applicable law, then the claims subject to arbitration shall proceed to arbitration and the claims excluded from arbitration will be stayed pending a final outcome of the arbitration proceedings." (Doc. 22-1 at 14). Thus, even though Plaintiff's ERISA claims are not subject to arbitration, the Magistrate Judge was correct that the Defendant's Motion to Compel should still be granted.

Fourth and finally, the Court denies Plaintiff's request to avoid staying or administratively closing this case while the parties arbitrate. Plaintiff cites no legal authority to support her request (*See* Doc. 43). The Court concludes that, in the interest of judicial economy and to potentially save the parties from simultaneously litigating their dispute on two fronts, the Court's staying this case is the best course. Separately, the Court is hopeful that the parties will ultimately reach an amicable settlement of this matter without further Court intervention.

-    *Rest of Page Intentionally Left Blank*    -

Accordingly, it is **ORDERED** that:

1.   The Report and Recommendation (Doc. 40) is **ADOPTED in part** and made a part of this Order for all purposes, except as to the Report and Recommendation's conclusion that Plaintiff's ERISA claims are subject to arbitration.

2.   Defendant's Motion to Compel Arbitration (Doc. 22) is **GRANTED**.

3.   Accordingly, this case is **STAYED**. The parties are **DIRECTED** to arbitrate this case promptly.

4.   The parties are **DIRECTED** to file a joint status report on May 29, 2026, and every sixty days thereafter, informing the Court of the arbitration proceedings.

5.   If the proceedings have concluded, or the parties' dispute has otherwise been resolved, the parties **SHALL** notify the Court within ten (10) days of either such event.

6.   The Clerk of the Court is **DIRECTED** to **STAY** this matter, place a **STAY FLAG** on this case, and **ADMINISTRATIVELY CLOSE** the file until further order of the Court.

**ORDERED** in Tampa, Florida, on April 6, 2026.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE